No. 28,525.

Nora E. Lomax et al., *Appellees*, v. Lena M. Hotchkiss, *Appellant*, et al.

(274 Pac. 271.)

Opinion filed February 9, 1929.

*Harry W. Fisher* and *James G. Sheppard*, both of Fort Scott, for the appellant. .

*John A. Hall*, of Pleasanton, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one to set aside a deed executed by Lydia J. Hopkins in her lifetime. Plaintiffs were heirs of the grantor. The deed named as grantees Lena M. Hotchkiss, daughter of the grantor, and Charles B. Hotchkiss, husband of Lena M. Hotchkiss. Plaintiffs prevailed, and Lena M. Hotchkiss appeals.

The deed was filed for record after the death of the grantor. Effectiveness of the deed as a conveyance was challenged on several grounds, which were sustained by the trial court. Elaborate findings of fact and conclusions of law were made. One of the findings was that the deed was not delivered. The finding was sustained by abundant evidence, which need not be recited here.

At the trial, testimony relating to execution of the deed and its nondelivery was given by Ray H. Woods, the notary who took the grantor's acknowledgment. He testified the grantor was propped up in bed when she attached her signature to the instrument. At the hearing on the motion for new trial Lena M. Hotchkiss introduced in evidence her own affidavit stating she was greatly surprised at this testimony. To justify the granting of a new trial, she introduced in evidence the affidavit of one F. H. Niles, stating that after Woods had testified, Niles heard him say he was hazy in his mind concerning the transaction, and had forgotten that the grantor was sitting in a wheel chair instead of in bed. The affidavit of Mrs. Hotchkiss, not of Woods, states what his testimony would

be if a new trial were granted. In her affidavit Mrs. Hotchkiss tells all the details of the transaction with her deceased mother by which she acquired the deed. The motion for new trial was denied.

Plaintiffs filed a motion to dismiss the appeal for lack of merit, which was submitted with the cause. The motion is allowed, and the appeal is dismissed.